**MICHAEL FELIPE ADAMS, Plaintiff,**

**v.**

**CHARLES REAVIS, et al., Defendants.**

High Court of American Samoa
Trial Division

CA No. 80-97

November 18, 1997

Before: KRUSE, Chief Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, *Pro Se*
For Defendant, Frederick J. O'Brien, Assistant Attorney General

ORDER DENYING APPLICATION FOR WRIT OF MANDAMUS

Plaintiff is an inmate at the Territorial Correctional Facility. He filed motions for a show cause order directed against Charles Reavis ("Reavis"), Special Assistant to the Warden of the Territorial Correctional Facility, and other unnamed prison officials, alleging their refusal to allow him to "go to court, post office, shopping, banking, nor to renew [an] expiring [airplane] ticket."

We summarily denied plaintiff's contention that prisoners are somehow constitutionally entitled to leave the prison facilities to receive mail, shop, and conduct other personal business, but granted his show cause

146

application insofar as he alleged his being denied access to the High Court's law library. (*See* Order to Show Cause, filed Aug. 8, 1997.)

The matter was set for hearing on September 4, 1997. On that date, the defendants appeared through the Attorney General's Office but failed to bring the plaintiff, offering as justification the plaintiff's failure to inform the Correctional Facility of his court appearance date. We treated the government's failure to have the plaintiff in court as *prima facie* evidence in support of plaintiff's complaint about lack of access to the court. We accordingly ordered the defendants to ensure plaintiff's access "to the court for all further hearings in this matter." (*See* Ruling and Order filed Sept. 5, 1997.)

On October 20, 1997, this matter again came before us when plaintiff applied for a writ of mandamus in order to compel the defendants to reinstate his work release program. Although the Correctional Facility previously allowed plaintiff to be employed by the American Samoa Power Authority, it terminated plaintiff's work release privilege, along with that of all other inmates release programs, after this court decided *American Samoa Government v. Byung Soo Ki*, 31 A.S.R.2d 118 (Trial Div. 1995) (Opinion & Order, filed Jan. 10, 1997). The decision in this case essentially struck down the Correctional Facility's various release programs as contrary to the statutory prohibition against the release of inmates except as authorized by law. *Id.*, at 5. *See* A.S.C.A. § 46.2303(c). The court failed to find, and the parties were unable to point to, any such authorization in the law.

■ Given the state of the law as enunciated in the *Byung Soo Ki* case, which plaintiff did not question, we conclude that plaintiff's application for a writ of mandamus must fail. A writ of mandamus is an extraordinary writ and will not issue unless:

> (1) the plaintiff has a plain right to have the act performed; (2) the defendant has a plain duty to perform it; and (3) there is no other adequate remedy available to the plaintiff.

*Mulitauaopele v. Maiava*, 29 A.S.R.2d 116, 117-118 (App. Div. 1995).

■ The plaintiff is in jail, having been properly convicted of a double homicide. He has no plain right to work release, and the defendants have no plain duty to grant him work release. Indeed, they are prohibited from releasing inmates duly incarcerated by the criminal process.

Motion denied.

It is so Ordered.